Filed 3/2/22  P. v. Vaughn CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JOHN VAUGHN,<br><br>Defendant and Appellant. | F079424<br><br>(Super. Ct. No. BF170380B)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Carla J. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Kathryn L. Althizer, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION AND PROCEDURAL BACKGROUND

The District Attorney of Kern County filed an amended information on January 10, 2018, charging defendant Robert John Vaughn with vandalism involving at least $400 (Pen. Code, § 594, subd. (b)(1);[1] count 1) and second degree burglary (§ 460, subd. (b); count 2). As to both counts, the amended information alleged defendant committed the offenses while on bail in another case (§ 12022.1), had a prior serious felony conviction within the meaning of the Three Strikes law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and served six prior prison terms (former § 667.5, subd. (b)). Defendant pleaded not guilty.

On January 22, 2019, after a four-day trial, the jury convicted defendant of count 2 and acquitted him of count 1. After defendant waived his right to a jury trial regarding the enhancement allegations, the trial court granted the prosecutor's motion to dismiss the section 12022.1 allegation, found true the prior serious felony conviction allegation, and found true five of the six prior prison term allegations.

On May 21, 2019, the trial court denied defendant's oral motion to strike his prior serious felony conviction and sentenced him to four years (the midterm of two years doubled pursuant to § 667, subd. (e)), plus one year for his prior prison term (former § 667.5, subd. (b)).[2] In addition, the court ordered defendant to pay victim restitution in an amount to be determined by the probation department (former § 1202.4, subd. (f)), a $10 crime prevention fine (§ 1202.5), a $40 court operations assessment (§ 1465.8, subd (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), a

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Although the trial court had found true allegations of five prior prison terms, the probation officer determined that three of the convictions had subsequently been reduced to misdemeanors and the remaining conviction was too old. The trial court, therefore, only applied one such enhancement.

$300 restitution fine (former § 1202.4, subd. (b)), and a suspended $300 mandatory revocation restitution fine (§ 1202.45, subd. (a)).[3]

This timely appeal followed on June 5, 2019.[4]

Defendant contends on appeal (1) we should strike his prior prison term enhancement under former section 667.5, subdivision (b) pursuant to Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136); (2) the trial court abused its discretion in denying his motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to strike his prior serious felony conviction; and (3) we should strike the fines, fees, and assessments that the trial court imposed without determining whether defendant had the ability to pay.

The People dispute that the trial court abused its discretion in denying defendant's *Romero* motion but concede the prior prison term enhancement imposed under former section 667.5, subdivision (b) must be stricken under Senate Bill 136.

For the reasons set forth below, we affirm the conviction but remand for resentencing. We conclude the trial court did not abuse its discretion by denying defendant's *Romero* motion and agree with the parties that the prior prison term enhancement under former section 667.5, subdivision (b) must be stricken pursuant to Senate Bill 136. And, although defendant contends resentencing is unnecessary to strike the prior prison term, we agree with the People that resentencing is appropriate in this

---

**3**     In a companion case, Kern County Superior Court case No. BF173017A (the companion case), defendant pleaded no contest to second degree burglary (§ 460, subd. (b)). The trial court sentenced defendant to a consecutive 16-month term (representing one-third of the midterm doubled pursuant to § 667, subd. (e)). The court also ordered defendant to pay $1,728 (former § 1202.4, subd. (f)), a $10 crime prevention fine (§ 1202.5), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), a $300 restitution fine (former § 1202.4, subd. (b)), and a suspended $300 mandatory revocation restitution fine (§ 1202.45, subd. (a)).

**4**     Defendant's notice of appeal did not include case No. BF173017A, and we denied defendant's "Petition for Constructive Filing of Notice of Appeal …" as to that case on February 21, 2020.

case because the trial court did not impose the maximum sentence. As the case must be remanded to strike the prior prison term enhancement and resentencing will be required, defendant's *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) argument regarding his fines fees and assessments is moot and we do not address it. In all other respects, the judgment is affirmed.

## FACTS

### I. *Prosecution's case.*

On November 20, 2017, at 12:23 p.m., Officer Kenneth Perkins, employed by the Bakersfield Police Department, was driving toward a church and saw a Mustang parked behind the church and near an outdoor shed. He found this unusual because the church was closed. The car trunk was open and a woman, later identified as Debra Puls, stood next to it. Officer Perkins heard Puls say that the police had arrived. He saw defendant coming from the shed carrying a cardboard box that contained part of a public announcement system and wires.

Officer Perkins had responded to burglary calls in the past where people had used a vehicle to break through a door or enter a structure. He saw a crease on the side of the shed, broken wood beams, and evidence of paint transfer from the shed to the Mustang, consistent with a vehicle ramming into the shed. The shed had a hole that appeared to have been pulled open to gain entry. Officer Perkins observed a paint transfer on the Mustang's bumper and believed it was from the shed.

Officer Perkins spoke with defendant after defendant waived his *Miranda*[5] rights. Defendant said that he had been advised by someone that the shed was open and went there to take some items because "[h]e was just trying to make it by." Officer Perkins found various tools, blankets, trash, and goods in the Mustang that defendant said he owned.

---

[5] *Miranda v. Arizona* (1966) 384 U.S. 436.

Dennis Elliott, a trustee and treasurer on the board of directors of the church, arrived after being notified of the incident. He observed hymn books that had been stored inside the shed laying outside and testified that the shed was also used to store older electronic recording systems. Before that day, the shed had been undamaged. Defendant was not a member of the congregation and did not have permission to enter the shed or to take anything from it.

Terry Osburn, a painting contractor who repaired the shed, estimated the cost of repairs at $1,500.

## II.     Defense case.

The defense called Osburn as a witness to testify that he did not have the background to opine as to the cause of the damage to the shed. The defense called Puls to the stand to testify that defendant was her boyfriend and that she had pleaded guilty to vandalism and second degree burglary related to the case.

## DISCUSSION

## I.     Senate Bill 136.

Defendant contends his prior prison term enhancement must be stricken under Senate Bill 136, although he maintains no resentencing is required. The People concede the issue but maintain the case must be remanded for resentencing. We agree the prior prison term enhancement imposed under former section 667.5, subdivision (b), must be stricken and conclude the appropriate remedy is to remand the case with directions to strike the one-year enhancement and resentence defendant.

Senate Bill 136 amended section 667.5, subdivision (b) to limit prior prison term enhancements only to prior terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, pp. 1–4, eff. Jan. 1, 2020.) As an amendment that ameliorates criminal punishment, Senate Bill 136 applies retroactively to

5.

cases like defendant's that were not final when the amendment took effect.  (*In re Estrada* (1965) 63 Cal.2d 740, 745; see *People v. Smith* (2020) 46 Cal.App.5th 375, 396.)

Here, a one-year prior prison term enhancement was imposed for carrying a concealed dirk or dagger (§ 21310), and not for a sexually violent offense.  Accordingly, this prior prison term enhancement must be stricken.

Defendant argues we should simply strike the one-year prior prison term enhancement and not remand for resentencing.  However, when an error affects part of the sentence, the case must be remanded for a full resentencing hearing to permit the trial court to exercise its sentencing discretion in light of the changed circumstances.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893, 896 & fn. 15 [observing that when part of a sentence is stricken on review, on remand for resentencing, a full resentencing as to all counts is appropriate except where the trial court had imposed the maximum possible sentence].)  Defendant argues that the full resentencing rule only applies where the "changed circumstance[ ]" is the result of the reversal of a conviction.  Defendant cites no case holding that the rule is inapplicable when considering Senate Bill 136, nor could we find authority for defendant's argument.  The California Supreme Court applied the full resentencing rule after finding that the trial court had improperly applied an enhancement pursuant to sections 186.22 and 12022.5.  (*People v. Rodriguez* (2009) 47 Cal.4th 501, 509.)  The Court of Appeal struck the additional punishment imposed under section 12022.5.  (*Rodriguez*, at p. 509.)  The California Supreme Court held:  "The proper remedy, however, was *not* to strike the punishment under section 12022.5 but to reverse the trial court's judgment and remand the matter for resentencing."  (*Ibid*.; see *People v. Shaw* (2020) 56 Cal.App.5th 582, 588–589 [applying full resentencing rule where remanded solely for trial court to comply with Senate Bill 136].)

Having selected a midterm sentence, the trial court did not impose the maximum sentence.  Resentencing is not futile in this case.  We therefore remand for resentencing.

***II. The trial court did not abuse its discretion by denying defendant's request to strike his prior serious felony conviction.***

Defendant argues that the trial court abused its discretion in denying his invitation to strike his prior serious felony conviction pursuant to section 1385, subdivision (a) and *Romero*.[6] We reject defendant's argument as the trial court acted within its discretion when it denied defendant's request to strike his prior serious felony conviction.

### A. Background

As to count 2, the amended information alleged one prior "strike" conviction within the meaning of the Three Strikes law. In February 1998, defendant was convicted in Lancaster County Superior Court case No. MA015663 of burglary (§ 459). After the jury convicted defendant in this case on January 22, 2019, defendant waived his right to a jury trial regarding the prior serious felony conviction allegation, and the court subsequently found it to be true.

The probation officer's presentence report described defendant's lengthy criminal history comprised of 17 convictions including three burglary convictions between 1997 and 1998 (one first degree and two second degree), four drug-related convictions between 1999 and 2003, resisting a peace officer, evading a peace officer with disregard of the safety of others (resulting in seven parole violations), two convictions for receiving stolen property (2007 & 2011), petty theft with prior convictions, and carrying a concealed knife.[7] The majority of defendant's convictions resulted in probation and parole violations. Defendant was on postrelease community supervision at time of this offense and the offense in the companion case.

---

[6] A defendant's request for this type of leniency is commonly referred to as a "*Romero* motion," although defendants do not actually have a right to make motions under section 1385, subdivision (a). (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 379 (*Carmony*).)

[7] Defendant previously served nine prior prison terms. Of the five found true by the trial court, three of the convictions had been reduced to misdemeanors and one conviction was not within five years of the instant offense.

While on release for the instant case, defendant burglarized a vehicle and stole a firearm from the purse he found inside. During his arrest, he fled from the officers and struggled with them before being apprehended.

At the time of defendant's interview with the probation officer, defendant had last worked in construction in 2018 and was also receiving social security payments. Defendant admitted he started using methamphetamine as a child and continued to do so until a few months earlier. He said he was high at the time of this offense.

The probation officer's recommendation of a sentence of six years and four months was based upon defendant's 26-year criminal history, unsatisfactory performance under supervision, and several theft-related convictions. The officer concluded that defendant had numerous opportunities to reform his behavior but repeatedly failed to do so.

The prosecutor filed a sentencing statement requesting that the court sentence defendant to a term of 11 years. The prosecutor asked the trial court to consider defendant's criminal history, his multiple prior burglary convictions, and that he committed a burglary while on release and awaiting trial for the instant case. Based upon this information, the prosecutor argued that defendant had demonstrated an intent to continue to commit these types of offenses in the future.

Defendant's former attorney submitted a statement requesting a mitigated sentence. She argued that defendant had a long history of mental illness (as documented by mental competency reports prepared earlier in the case) that started when he was a teenager. Defendant's father was addicted to methamphetamine and provided the drug to defendant while he was still a juvenile. Defendant failed to complete high school due to his drug use. In addition, court-appointed experts diagnosed defendant with a psychotic

disorder, antisocial personality disorder, and schizoaffective disorder depressive type in partial remission.[8]

At sentencing, defendant (acting as his own attorney) orally moved to strike his prior serious felony conviction and argued that the conviction was more than 20 years old and he did not have a record of violence. The prosecutor submitted the matter on his sentencing statement previously submitted to the court.

The trial court noted that defendant's criminal record indicated many individuals have been victimized by defendant's crimes. The trial court indicated that it had also read the competency reports, had considered defendant's prior outbursts in court, defendant's background, character, and the current charges. The court stated, "So given the totality, the Court finds the defendant is not outside the spirit of the three-strikes law, and I'm denying that request at this time."

### B. Law and Analysis

Section 1385 grants trial courts discretion to dismiss a prior strike conviction if the dismissal is in furtherance of justice. (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th at pp. 504, 529–530.) " 'A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited. Its exercise must proceed in strict compliance with … section 1385[, subdivision ](a) ….' " (*People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*).) The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders." (*Romero*, at p. 528; accord, *People v. Garcia* (1999) 20 Cal.4th 490, 501 ["a primary purpose of the Three Strikes law was to restrict judicial discretion"].)

The Three Strikes law establishes " 'a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike' " unless the sentencing

---

[8]     Defendant reported to a competency expert that he had attempted suicide in the past, and his medical history included information that he had been transferred to Atascadero State Hospital in 2013.

9.

court finds a reason for making an exception to this rule. (*Carmony*, *supra*, 33 Cal.4th at p. 377.) There are "stringent standards that sentencing courts must follow in order to find such an exception." (*Ibid*.) In order to dismiss a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

A trial court's decision not to dismiss a prior strike conviction is reviewed under the deferential abuse of discretion standard. (*Carmony*, *supra*, 33 Cal.4th at p. 374.) The Three Strikes law establishes that not striking a prior serious felony conviction is the norm, and there is a "strong presumption that any sentence that conforms to the[ ] sentencing norm[ ] is both rational and proper." (*Carmony*, at p. 378.) An abuse of discretion is established by demonstrating that the trial court's decision was "irrational or arbitrary. It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) "Where the record is silent [citation] or '[w]here the record demonstrates that the trial court balanced the relevant factors and reached an impartial decision in conformity with the spirit of the law,' " we are required to affirm the trial court's ruling, " 'even if we might have ruled differently in the first instance.' " (*Carmony*, at p. 374, first bracketed insertion added.)

Defendant requested that the trial court exercise its discretion to strike his prior serious felony conviction. At sentencing, the trial court stated that it had reviewed the motions, papers, documents, submittals, and trial evidence. While acknowledging defendant's comments that he had not suffered many violent offenses, the trial court found that defendant did not fall outside the spirit of the Three Strikes law as he

repeatedly committed theft offenses that victimized several individuals, resisted arrest, evaded police, and evidenced an inability to control himself during outbursts in court.

We conclude that defendant has failed to establish that the trial court's denial of defendant's request to strike his prior serious felony conviction was outside the bounds of reason under the facts and the law. We may not find an abuse of discretion unless the decision was so irrational or arbitrary that no reasonable person could agree with it. And here, it was not. The trial court considered relevant factors and acted to achieve legitimate sentencing objectives. As the presentence report notes, defendant was convicted in 17 separate criminal cases and had abused drugs since he was a child.

Defendant argues that the trial court abused its discretion in relying on defendant's long criminal history because defendant's history was due to a combination of mental issues and substance abuse. The probation report and competency reports indicate that defendant received both mental health and drug treatment over the years, yet his criminal activities continued. Defendant also argues that the trial relied primarily, if not entirely, upon defendant's recidivism. The trial court's stated reasons, which may not have encompassed all of its legal reasoning, refer to both defendant's prior convictions as well as the instant offense and the commission of the offense in the companion case while defendant was on release in the instant case. The trial court was required to weigh the nature and circumstances of defendant's instant offense and his prior convictions and the particulars of his background, character, and prospects. (*Williams*, *supra*, 17 Cal.4th at p. 161.) This information was included in the materials the trial court reviewed.

Because declining to strike a prior strike conviction is the "norm," we presume the trial court's decision was proper. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) The fact that defendant's prior strike conviction was more than 20 years old does not convince us otherwise. "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th

1108, 1124 [a prior strike conviction is not properly stricken merely because it is 20 years old].)  "To be sure, a prior conviction may be stricken if it is remote in time.  In criminal law parlance, this is sometimes referred to as 'washing out.'  [Citations.]  The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways."  (*Humphrey*, at p. 813.)

However, in this case, defendant did not live a " 'legally blameless life' " after his 1998 conviction.  (See *People v. Humphrey*, *supra*, 58 Cal.App.4th at p. 813.)  He was convicted of ten additional offenses thereafter, including theft, vehicle flight from officers, and resisting arrest.  Considering these circumstances, defendant's prior strike convictions were not so remote that he necessarily fell outside the spirit of the Three Strikes law.  On the contrary, defendant's criminal history supports sentencing under the Three Strikes law.  The convictions and instant offense reveal serious and persistent criminal behavior.  (See *People v. Gaston* (1999) 74 Cal.App.4th 310, 320.)  No case law compels a judge to strike a prior conviction simply based on its age.

Similarly, the nature of the instant offense does not convince us that the trial court abused its discretion in refusing to strike the prior serious felony conviction.  Defendant's instant offense also involved theft-related offenses that victimized several individuals over time.  The similarity between the prior conviction and the instant offense " 'reveals that [defendant] had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson' [citation]."  (*Williams*, *supra*, 17 Cal.4th at p. 163, first & third bracketed insertions added.)  The nature of the instant offense did not require the trial court to find defendant was outside the spirit of the Three Strikes law.

Furthermore, defendant's alleged addiction to drugs did not operate to excuse his commission of crimes.  (See *People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511

12.

["drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment"].)

Even if reasonable minds could differ about whether to strike a prior conviction in this case, this would not establish an abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at pp. 376–378.) In fact, only where the relevant factors manifestly support the striking of a prior conviction and no reasonable mind could differ would the failure to do so constitute an abuse of discretion. (*Id*. at p. 378.) This is not such a case.

Defendant has failed to show that the trial court was either unaware of its discretion or considered impermissible factors. We cannot say that its ruling was irrational or arbitrary such that no reasonable person could agree with it. The record shows that the trial court considered defendant's arguments as well as his criminal history and his conduct in the instant offense in declining to strike his prior serious felony conviction. On the record before us, the trial court did not abuse its discretion in deciding that the prior serious felony conviction and the instant offense fell within the spirit of the Three Strikes law.

### III.    *Remaining arguments under* **Dueñas.**

The trial court imposed a $300 restitution fine (former § 1202.4, subd. (b)(1),) a suspended $300 mandatory revocation restitution fine (§ 1202.45, subd. (a)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $60 criminal conviction assessment (Gov. Code, § 70373), and a $10 crime prevention fine (§ 1202.5). Defendant argues the court failed to conduct an ability-to-pay hearing as to the fines and fees, which should be stricken pursuant to *Dueñas*, *supra*, 30 Cal.App.5th 1157. Given the remand for further proceedings that will require resentencing, we conclude it is unnecessary to reach defendant's *Dueñas* arguments; they are moot, and we do not consider them.

## DISPOSTION

We remand the matter for resentencing and direct the trial court to strike the one-year enhancement imposed pursuant to former section 667.5, subdivision (b). Upon resentencing, the clerk of the superior court shall prepare an amended abstract of judgment and shall forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


HILL, P. J.

WE CONCUR:


FRANSON, J.


DESANTOS, J.

14.